IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JASON BLAIR, on behalf of himself, and all other plaintiffs similarly situated, known and unknown, | ) ) ) ) | No. 15 cv |
| | ) | Honorable Judge |
| Plaintiff | ) ) | |
| | ) | Magistrate Judge |
| v. | ) ) | |
| | ) | *JURY DEMAND* |
| FIX IT FAST, LTD., SHAWN J. FULLER, individually, AND WILLIAM J. FULLER, individually, | ) ) ) ) | |
| Defendants | ) | |

COMPLAINT

NOW COMES Plaintiff, JASON BLAIR, on behalf of himself and all other Plaintiffs similarly situated, by and through his attorney, JOHN W. BILLHORN, and for his Complaint against Defendants, FIX IT FAST, LTD., SHAWN J. FULLER, individually, AND WILLIAM J. FULLER, individually, states as follows:

I.    NATURE OF ACTION

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.* and the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*

II.    JURISDICTION AND VENUE

2.  Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.*, and for the supplemental Illinois statutory claims, pursuant to 28 U.S.C. §1367.  Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiff performed work in this district and is a residents of this district and Defendants are or were engaged in business in this district.

III.     THE PARTIES

3.  Defendant, FIT IT FAST, LTD., provides installation, maintenance and construction of garage doors for both residential and commercial customers in the Chicagoland area.  As such, Defendant's services qualify as an enterprise engaged in commerce as defined by the FLSA.   During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4.  Defendants, SHAWN J. FULLER AND WILLIAM J. FULLER, are the owners/officers of Fix-It-Fast, Ltd., and at all times relevant hereto were acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore as defined under both the federal and state statutes relied upon, are "employers".

5.  Plaintiff, JASON BLAIR (hereinafter referred to as "the named Plaintiff"), is a past employee of Defendants who performed work installing and maintaining garage doors for Defendants.  All other unnamed Plaintiffs, known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present employees who work or worked for Defendants as described above.   As employees performing duties for an enterprise engaged in commerce, the named Plaintiff and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

6.   The claims brought herein by the named Plaintiff are identical or similar to the claims of other past and present employees who were subject to the non-compliant policies and practices alleged herein.

7.   The non-compliant practices and policies as alleged herein were part of a variety of practices and policies implemented and maintained by Defendants and are common to a group or "class" of past and present employees.  Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

IV.    <u>STATUTORY VIOLATIONS</u>

**Collective Action Under The Fair Labor Standards Act**

8. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of himself and other Plaintiffs similarly situated, who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

**Illinois Minimum Wage Law**

9. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV.

V.    <u>FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS</u>

10. Plaintiff at all times pertinent to the cause of action was employed by Defendants, said employment being integral and indispensable to Defendants' business.

11. Defendants employed Plaintiff as a laborer to install and maintenance doors and the job duties of Plaintiff qualify Plaintiff as an employee under the provisions of the FLSA and the pendent state statues.

12. During Plaintiff's employment, Defendants would require Plaintiff, and members of the plaintiff class, to be at the shop at a time certain each morning regardless of the time scheduled to leave for the first job site.

13. Plaintiff, and members of the Plaintiff class on some, but not all mornings, would leave to the first job shortly after arriving and loading the work van with tools and equipment for the day. On other days, the Plaintiff and members of the Plaintiff class would be required to sit

in 'wait' off the clock until given instruction to leave for the first job site. In that respect, Plaintiff and members of the Plaintiff class were "engaged to wait", and the time spent waiting for assignments and further work instructions was and is compensable under the state and federal statutes relied upon herein.

14. Plaintiff, and members of the Plaintiff Class, were paid from the time they left the shop and therefore any work performed prior to leaving the shop, in addition to the wait time, went unpaid.

15. In the afternoon, Plaintiff and members of the plaintiff class were "punched out" at the job site upon completion of work. Plaintiff and members of the plaintiff class then traveled back to the shop where, upon arrival, they would be required to unload the company van of tools and debris from the day of work. The travel time back to the shop at the end of the work day, along with the time spent unloading the work van, was performed 'off the clock' and without pay.

16. In some instances, the unpaid time as described above should have been compensated at time and one-half the workers' regular hourly rates because if the unpaid, off the clock work, was properly treated as compensable, the workers would have worked over 40 hours in particular workweeks. In other work weeks in which the aggregate number of hours did not exceed 40, the unpaid time should have been compensated at the workers' regular hourly rates pursuant to the requirements of the federal and state statues herein relied upon.

17. In addition, Plaintiff and members of the Plaintiff class experienced unauthorized deductions from their pay checks for uniforms. These unauthorized deductions were unlawful and without written authorization by Plaintiff and members of the Plaintiff class as required by the federal and state statutes herein relied upon.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-17    Paragraphs 1 through 17 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 17 of this Count I.

18.    Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, and the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.,* the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours, in any week during the two (2) years preceding the filing of this action.

19.    Defendants have at all times relevant hereto failed and refused to pay compensation to their employees, including the named Plaintiff herein, and all other Plaintiffs similarly situated, known and unknown, as described above.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a)    awarding back pay equal to the amount of all unpaid compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b)    awarding prejudgment interest with respect to the total amount of unpaid compensation;

(c)    awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d)    for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-19. Paragraphs 1 through 19 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 19 of Count II.


20.     Defendants' actions as complained of above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policies and practices were in violation of those statutes.

21.     Pursuant to the Fair Labor Standards Act, Plaintiffs and all other employees similarly situated, past or present, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a)     awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b)     awarding prejudgment interest with respect to the amount of unpaid compensation;

(c)     awarding Plaintiff's reasonable attorney's fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d)     for such additional relief the Court deems appropriate under the circumstances.


## COUNT III

### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT


1-21.   Paragraphs 1 through 21 of Count II are re-alleged and incorporated as

though set forth fully herein as Paragraphs 1 through 21 of Count III.

22.　　In denying the named Plaintiff and members of the Plaintiff Class compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds.

23.　　The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a)     awarding liquidated damages equal to the amount of all unpaid compensation;

(b)     awarding Plaintiff's reasonable attorney's fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c)     for such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-23.   Paragraphs 1 through 23 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 23 of this Count IV.

24.   As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

25.   During a portion or all of the relevant time at issue herein, the Illinois Minimum Wage Law provided that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for punitive damages in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

26.   Defendants' failure to pay compensation as described above, has been willful and/or in bad faith.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a)     declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter,  in violation of the provisions of the Illinois Minimum Wage Law;

(b)      awarding an amount of damages, to be shown by the evidence, to which Plaintiff and other members of the Plaintiff Class are entitled;

(c)      allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d)      directing Defendants to pay to Plaintiff's reasonable attorney's fees, costs, and litigation expenses, as provided by statute;

(e)      for such additional relief the Court deems just and appropriate under the circumstances.

## COUNT V

**SUPPLEMENTAL STATE LAW CLAIM**
**VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT**
**UNAUTHORIZED DEDUCTIONS**

1-26.    Plaintiff hereby re-alleges and incorporates paragraphs 1 through 26 of this Complaint, as if fully set forth herein.

27.      During the course of Plaintiff's employment, Defendants made deductions from Plaintiff's and similarly situated employees' wages for uniforms, tools, and/or dues.

28.      Such deductions (1) were not required by law; (2) were not to Plaintiff's or the Class' benefit; (3) were not in response to a valid wage assignment or wage deduction order; and (4) were not made with the express written consent of Plaintiff and members of the Plaintiff Claa, given freely at the time the deductions were made.

29.      Defendants violated the IWPCA, 820 ILCS 115/9, by making unauthorized and unlawful deductions from Plaintiff's wages and from the wages of other similarly situated past and present employees.

36.      Plaintiff, and other similarly situated past and present employees, were damaged by Defendants' violation of the IWPCA.

WHEREFORE, Plaintiff, on behalf of himself and all other plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a)     awarding an amount of statutory damages pursuant to the formula set forth in 820 ILCS 115/14(a);

(b)     directing Defendants to pay to Plaintiff reasonable attorneys' fees and costs of this action;

(c)     determining the rights of the parties and directing Defendants to account for all unauthorized deductions to Plaintiff during his employment;

(d)     for such additional relief as this Court deems appropriate and just under the circumstances.

Respectfully submitted,

*Electronically Filed 12/03/2015*

/s/ John W. Billhorn
_____
John William Billhorn

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 840
Chicago, IL 60604
(312) 853-1450

Attorney for Plaintiff, and all other
Plaintiffs similarly situated, known or
unknown.